UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MARIA LUQUIN DE GARZA,<br><br>          Petitioner,<br><br>  vs.<br><br>ESTELA DERR,<br><br>          Respondent. | CIV. NO. 23-00078 LEK-KJM |

### ORDER DISMISSING 28 U.S.C. § 2241 PETITION

On February 8, 2023, pro se Petitioner Maria Luquin De Garza ("Luquin") filed a petition for habeas relief pursuant to 28 U.S.C. § 2241. ["Writ for Habeas Corpus Under 28 U.S.C. § 2241 Seeking an Order to Have the Bureau of Prisons ('BOP') Apply My First Step Act Earned Time Credits," filed 2/8/23 (dkt. no. 1) ("Petition").] At the time she filed the Petition, Luquin was incarcerated at the Federal Detention Center in Honolulu, Hawai`i ("FDC Honolulu"). See Petition at 1. On March 31, 2023, Respondent Estela Derr, Warden of FDC Honolulu ("Warden Derr"), filed her Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] ("Response"). [Dkt. no. 7.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local

Rules"). For the reasons set forth below, Luquin's Petition is hereby dismissed because this Court lacks jurisdiction to order any relief.

## BACKGROUND

Luquin was charged with and pleaded guilty to two counts of importation of methamphetamine and heroin, in violation of 21 U.S.C. §§ 952 and 960. See United States v. Luquin De Garza, 3:19-cr-00350-GPC (S.D. Cal.) ("California Case"), Information (Superseding), filed 5/23/19 (dkt. no. 32); id., Order, filed 6/10/19 (dkt. no. 37) (accepting Luquin's plea). Luquin was sentenced to concurrent terms of seventy-one months of imprisonment and four years of supervised release as to each count. [California Case, Judgment in a Criminal Case, filed 8/23/19 (dkt. no. 44), at 2-3.]

On September 19, 2022, Luquin filed a motion for a reduction of her sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion for Compassionate Release"), and the motion was granted on April 5, 2023. [Id., Order Granting Motion for Compassionate Release, filed 4/5/23 (dkt. no. 79) ("Compassionate Release Order"), at 1-2.] Luquin was released from the custody of the Federal Bureau of Prisons ("BOP") on April 6, 2023. See Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited May 2, 2023).

While the Motion for Compassionate Release was pending in the California Case and while the instant Petition was pending before this Court, Luquin was transferred from FDC Honolulu to San Diego, California. See California Case, Order Continuing Status Hearing and Requesting Physical Presence of Defendant, filed 3/10/23 (dkt. no. 77). Luquin, through her counsel, and Plaintiff United States of America requested this transfer because: the California district court had indicated an inclination to grant the Motion for Compassionate Release; and Luquin's transfer before a final ruling on the motion was issued would allow her to be released either directly to family members in San Diego or to an immigration detention center in or near San Diego.[1] See id., Joint Motion to Continue Status Hearing and Request for Defendant's Physical Appearance at Hearing, filed 3/10/23 (dkt. no. 76), at 2. The Compassionate Release Order states:

> Luquin's sentence is MODIFIED and REDUCED to time served, effective immediately.
>
> The Court further ORDERS that if Luquin is not taken into U.S. Immigration and Customs Enforcement ("ICE") custody upon release, she shall contact the U.S. Probation Office in San Diego within 24 hours. Luquin shall thereafter

---

[1] According to BOP records filed by Warden Derr, an ICE detainer was lodged against Luquin on March 24, 2023 for "possible removal/deportation of an alien." See Response, Decl. of Kris Robl, Exh. B (Sentence Monitoring Computation Data as of 03-28-2023 for Luquin) at PageID.45.

> abide by the terms of supervised release set out in the original Judgment.

[Id., Compassionate Release Order at 8 (some emphases omitted).]

## DISCUSSION

In the Petition, Luquin asks "that an order be issued that BOP apply [her] First Step Act Credits ('FSA') [sic] Earned Time Credits ('ETC') [so that she could] qualify to be placed in a facility closer to [her] home." [Petition at 1.] Warden Derr argues that, in light of Luquin's completion of her term of imprisonment, her Petition should be dismissed as moot because she "has received the specific relief that she requested in her Petition." [Response at 4.] In the alternative, Warden Derr argues the Petition should be dismissed because Luquin failed to exhaust her administrative remedies. [Id. at 4-7.]

Even if Luquin is correct that the BOP wrongfully failed to apply FSA earned time credits to her term of imprisonment, the instant case would be moot if this Court is unable to grant Luquin any form of relief to remedy that wrong. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the defendant and **likely to be redressed by a favorable judicial decision**." (emphasis added) (citation and internal quotation marks omitted)). To the extent that the Petition seeks the

4

application of FSA earned time credits to obtain either Luquin's release from incarceration or her transfer from FDC Honolulu to another BOP facility, the Petition is moot because she has already been released.

However, it is arguably possible that, if the BOP had properly applied Luquin's FSA earned time credits, she could have been released even earlier than she was. In that instance, it may be possible for those unapplied time credits to be applied to Luquin's term of supervised release. The Petition does not expressly request that relief, but this Court must liberally construe the Petition because Luquin filed it pro se. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed" (citations omitted)). This Court therefore liberally construes Luquin's request for "an order to have BOP apply [her] FSA ETC," [Petition at 2,] as including a request that any unapplied earned time credits be applied to her term of supervised release.

According to the Compassionate Release Order, either Luquin has begun her term of supervised release or she was taken into custody by ICE. If she is serving her term of supervised release, she is being supervised by the United States Probation Office in San Diego. See Compassionate Release Order at 8.

5

This Court would not have jurisdiction to issue an order shortening Luquin's term of supervised release or altering the conditions of her supervision because the United States District Court for the Southern District of California issued her judgment of conviction, and she is being supervised by the United States Probation Office is San Diego.  See 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."). Luquin's Petition is therefore dismissed for lack of jurisdiction.  The dismissal is without leave to amend in this case because it is not possible for Luquin to amend her Petition to cure the jurisdictional defect. See Dejapa v. Derr, CIVIL NO. 23-00090 JAO-KJM, 2023 WL 2758890, at *1 (D. Hawai`i Apr. 3, 2023) ("The district court should not dismiss a habeas petition 'without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.'" (quoting Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971))).

        This Court has only considered Luquin's Petition to determine the issue of jurisdiction.  Because this Court has made no findings or conclusions regarding the merits of the Petition, the dismissal of the Petition is without prejudice to the filing of a new 28 U.S.C. § 2241 petition before a court that has jurisdiction over such petition.

## **CONCLUSION**

For the foregoing reasons, Luquin's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, which she filed February 8, 2023, is HEREBY DISMISSED for lack of jurisdiction. This dismissal is without leave to amend in the instant case, but without prejudice to the filing of a new § 2241 petition before a court with jurisdiction.

The Clerk's Office is DIRECTED to serve a copy of this Order on:

    Armilla Teresita Staley-Ngomo, Esq.
    Federal Defenders of San Diego, Inc.
    225 Broadway Suite 900
    San Diego, CA 92101

    Email: Armilla_Staley-Ngomo@fd.org.

Ms. Staley-Ngomo, who was one of the counsel who represented Luquin in connection with the Compassionate Release Motion, is requested to assist this Court in providing a copy of this Order to Luquin.

The Clerk's Office is DIRECTED to enter judgment and close this case on **May 17, 2023,** unless a timely motion for reconsideration of this Order is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 2, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARIA LUQUIN DE GARZA V. ESTELA DERR; CV 23-00078 LEK-KJM; ORDER DISMISSING 28 U.S.C. § 2241 PETITION**